IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 4:12cr59-RH/CAS

EDWIN MOORE ANDERSON,

    Defendant.

_____/

**ORDER DENYING THE DEFENDANT'S REQUEST FOR
A SENTENCE REDUCTION OR DESIGNATION ORDER**

    The defendant Edwin Moore Anderson pleaded guilty and was sentenced to 90 months in the Bureau of Prisons. By letter dated January 9, 2014, Mr. Anderson asks for relief including (1) a sentence reduction to account for time spent in state custody and (2) appointment of a new attorney. By letter dated February 23, 2014, Mr. Anderson asks for relief including (1) a sentence reduction to account for time spent in state custody and (2) an order requiring his designation to an appropriate federal facility instead of the county jail where he is being held. This order denies relief.

I

Mr. Anderson was represented in this court and on appeal by an attorney appointed under the Criminal Justice Act.  The attorney may represent Mr. Anderson as appropriate on further proceedings arising from the plea agreement.  Mr. Anderson has shown no basis for appointment of a different attorney.

II

Mr. Anderson apparently was arrested on state charges arising from the same conduct that led to this federal conviction.  *See* Presentence Report, ECF No. 117, at ¶ 109.  According to the presentence report, those charges were dropped.  Mr. Anderson apparently asserts that he was detained on the state charges for 15 months and that the Bureau of Prisons has improperly failed to credit that time against Mr. Anderson's federal sentence.

If Mr. Anderson was detained for this same conduct and received no credit on any state charges, the Bureau of Prisons must, and presumably will, give Mr. Anderson credit on this federal sentence.  If Mr. Anderson received credit on state charges arising from this same conduct, the Bureau of Prisons should, as a matter of discretion, retroactively designate the state facility for service of this federal sentence to the extent allowed by law, thus in effect making the state and federal sentences concurrent to that extent.  If, however, Mr. Anderson received credit on state charges unrelated to this federal offense, he should not receive credit on this

federal sentence.  Sentences for unrelated conduct ordinarily should be served consecutively.

These are issues for the Bureau of Prisons in the first instance.  Mr. Anderson's letter does not establish that the Bureau has handled these matters improperly and does not establish that Mr. Anderson has exhausted his remedies within the Bureau.

Mr. Anderson also apparently suggests that his federal sentence should have been lower to account for the time already spent in state custody.  That seems unlikely.  Such a reduction would have been appropriate only if, prior to imposition of the federal sentence, Mr. Anderson spent time in state custody that was credited on a state sentence *for the same conduct*.  The presentence report seems to indicate that was *not* the case; the presentence report says the state charges arising from the same conduct were dismissed.

But even if a lower sentence would have been appropriate, Mr. Anderson would not be entitled to relief in this court at this time.  With limited exceptions not applicable here, a district judge cannot reduce a sentence after it is imposed. *See* 18 U.S.C. § 3582(c).

So Mr. Anderson is not entitled to a sentence reduction for two reasons. First, Mr. Anderson has not established that the sentence should have been lower. And second, the court could not reduce the sentence on this basis anyway.

In reaching this conclusion, I have not overlooked the fact that in limited circumstances an improper sentence may be subject to challenge on a motion under 28 U.S.C. § 2255. Mr. Anderson has not alleged an adequate basis for § 2255 relief. Partly for this reason, this order does not treat Mr. Anderson's letter as a § 2255 motion. The order expresses no opinion on whether, even if the sentence should have been lower, Mr. Anderson would be entitled to relief under § 2255.

### III

The judgment set out the court's recommendation to the Bureau of Prisons that Mr. Anderson be designated to a facility as near as possible to Birmingham, Alabama. Mr. Anderson says he has been held for an extended period in a county jail.

Where to hold a prisoner is an issue for the Bureau of Prisons in the first instance. The court's recommendation is only a recommendation. Mr. Anderson has not alleged any basis for judicial relief from the Bureau's decision regarding his placement.

### IV

For these reasons,

IT IS ORDERED:

1. The clerk must docket Mr. Anderson's letter of January 9, 2014, as a motion for a sentence reduction and for appointment of a new attorney. The motion is DENIED.

2. The clerk must docket Mr. Anderson's letter of February 23, 2014, as a motion for a sentence reduction and designation order. The motion is DENIED.

3. Mr. Anderson must send no further letters to the judge. Any further request for relief must be made by a motion filed with the clerk of court in the form required by Local Rule 5.1 .

SO ORDERED on March 5, 2014.

                    s/Robert L. Hinkle
                    United States District Judge